# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| ARTURO ESPARZA MACIAS, <br> VICTOR DE LOS REYES RABANALES, <br> CESAR IVAN ESPARZA AGUILAR, <br> JAIME MARQUEZ ESPARZA, <br> MANUEL MARQUEZ ESPARZA, <br> JACOBO ESPARZA AGUILAR, <br> JOSE LUIS DIAZ GOMEZ, <br> RICARDO GUADALUPE GOMEZ TORRES, <br> RODRIGO CANALES SALAZAR, <br> BLADIMIR GUADALUPE MACIAS ESPARZA, <br> CATARINO ODON HERNANDEZ, <br> FRANCISCO ODON HERNANDEZ, <br> REVEL EUGENIO VILLAGRANA CANALES, <br> ALONSO CISNEROS AYALA, <br> LEOPOLDO GONZALES, <br> LUIS CARLOS ROMERO, and <br> URIEL CISNEROS, <br><br> Plaintiffs, <br><br> v. <br><br> MONTERREY CONCRETE, LLC, and <br> JOSE DE LA ROSA, <br><br> Defendants. | Case No. 3:19-cv-00830 |

## MONTERREY CONCRETE, LLC AND JOSE DE LA ROSA'S
## MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants Monterrey Concrete, LLC, and Jose De La Rosa ("Monterrey Concrete"), by and through counsel, move to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' contract and quasi contract claims (Counts IV, V and VI) are governed by Mexican law under the clear choice of law rules of Virginia. Plaintiffs fail to plead facts supporting Counts IV – VI under the law of Mexico. Plaintiffs Trafficking Victims Protection Act ("TVPA") claims (Counts I and II) also fail to state a claim under established Fourth Circuit

law. *Muchira v. Al-Rawaf,* 850 F.3d 605, 620, 625 (4th Cir. 2017) *cert. denied* 138 S. Ct. 448, 199 L. Ed. 2d 329 (2017).

Plaintiffs' Fair Labor Standards Act ("FLSA") claim (Count III) is hopelessly vague and does not "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Plaintiffs implausibly allege that all seventeen Plaintiffs worked "at least" 70 to 80 hours per week, every week, for the entirety of their employment at Monterrey Concrete. Yet not a single Plaintiff can allege a day, week, or month when he was underpaid. The United States Supreme Court requires that the "[f]actual allegations must be enough to raise a right to relief above the speculative level," rendering the right "plausible on its face." *Id.* at 555, 570. Plaintiffs do not meet this standard with their patently implausible allegations.

Finally, many of the individual Plaintiffs' claims are time-barred on their face because they were not brought within the applicable statutes of limitations. For the foregoing reasons, further discussed in its Memorandum in Support (incorporated by reference herein) Monterrey Concrete respectfully requests that the Court dismiss Plaintiffs' Complaint and grant such other relief as the Court deems appropriate.

Dated: February 14, 2020    Respectfully submitted,

*/s/ Robert F. Redmond, Jr.*
Robert F. Redmond, Jr. (VSB No. 32292)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
rredmond@mcguirewoods.com
T: (804) 775-1123
F: (804) 698-2145

*Counsel for Defendants Monterrey Concrete, LLC, and Jose De La Rosa*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send automatic notification of such filing to all counsel of record who are registered with the CM/ECF System.

*/s/ Robert F. Redmond, Jr.*