IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ARTURO ESPARZA MACIAS, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 3:19-cv-00830 |
| | ) |
| MONTERREY CONCRETE, LLC, and JOSE DE LA ROSA, | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFFS' MOTION TO ENTER PROTECTIVE ORDER**

Plaintiffs respectfully ask the Court to enter a protective order pursuant to Federal Rule of Civil Procedure 26(c). Plaintiffs have met and conferred in good faith regarding this issue with Defendants, but have been unable to reach a resolution.[1]

According to the Joint Pretrial Scheduling Order, objecting parties must provide a requesting party "with an inventory list of documents to which objection is made, together with a brief description of the document, including the date, the author, and the identity of each recipient, and the claimed basis for its protection." [ECF No. 36.] This Court has discretion to limit the burden of preparing a Rule 26(b)(5) privilege log with the detailed requirements if a log would be unduly burdensome and certain documents are obviously protected by the attorney-client privilege or work product doctrine. *See, e.g.*, *Manufacturers Collection Co., LLC v.*

---

[1] In particular, starting with a phone call on September 1, 2020, and continuing in subsequent e-mails, undersigned counsel met and conferred on the need to log communications between the parties and their counsel. While the parties agreed to forego logging communications that post-dated the complaint, the parties disagreed on the need to log communications before the filing of the complaint. Plaintiffs maintained that it was improper and unduly burdensome to log all communications between Plaintiffs' counsel (Legal Aid Justice Center ("LAJC") and Arnold & Porter) and Plaintiffs before the complaint was filed, and Defendants disagreed.

1

*Precision Airmotive*, LLC, No. 3:12-CV-853-L, 2014 WL 2558888, at *3 (N.D. Tex. June 6, 2014) (citing *S.E.C. v. Thrasher*, C.A. No. 92–6987, 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996)) (permitting categorical privilege log where document-by-document listing is unduly burdensome and the additional information would be of no material benefit to the requesting party regarding whether the privilege claim is well grounded).

Here, Plaintiffs should not be required to provide a detailed privilege log for all communications between Plaintiffs and their pro bono legal counsel at LAJC and Arnold & Porter prior to the filing of the Complaint in this Action. LAJC began communicating with Plaintiffs in or around May 2019, and have communicated with them ever since concerning the allegations in the complaint and the matters at issue in this litigation. Much of this communication has occurred over text message and similar phone-based communication technologies. Requiring Plaintiffs to log all such privileged communications is unnecessary and would be unduly burdensome, as there is no conceivable basis for Defendants to pierce the privilege or overcome the work-product doctrine. In addition, the information that would be contained in such a privilege log is irrelevant to the issues in dispute and would be of no material benefit to Defendants in assessing the nature of Plaintiffs' privilege claims.

Nevertheless, to the extent the Court deems it necessary for Plaintiffs to provide a privilege log, Plaintiffs respectfully request that Plaintiffs be permitted to provide a categorical privilege log, which would identify the date range in which Plaintiffs communicated with their counsel, the specific legal personnel who communicated with Plaintiffs, and the general subject matters of the communications.[2]

---

[2] Plaintiffs' deadline to serve their objections to Defendants' document requests is Wednesday, September 16. Defendants served their first set document requests by FedEx on

2

For these reasons, Plaintiffs respectfully request that the Court grant this motion and enter a protective order relieving Plaintiffs of any obligation to log communications between Plaintiffs and LAJC and/or Arnold & Porter or, in the alternative, allowing Plaintiffs to produce a categorical privilege log to Defendants.

September 15, 2020

Respectfully submitted,

/s/ Preston M. Smith
Preston Smith (VA Bar # 86908)
Ian Hoffman (VA Bar # 75002)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C.  20001-3743
Telephone:  +1 202.942.6544
Facsimile:  +1 202.942.5999
E-mail:  preston.smith@arnoldporter.com
E-mail:  ian.hoffman@arnoldporter.com

Rachel Colleen McFarland (VA Bar # 89391)
Jason Blair Yarashes (VA Bar # 90211)
Legal Aid Justice Center
1000 Preston Avenue, Suite A
Charlottesville, VA 22903
Telephone :  434-977-0553
Fax: 434-977-0558
Email: rmcfarland@justice4all.org
Email: jasony@justice4all.org

Nicholas Cooper Marritz (VA Bar # 89795)

---

Friday, August 28.  However, the parties had not yet conducted their Rule 26(f) conference.  They did so on Tuesday, September 1, 2020.  Accordingly, under Federal Rules of Civil Procedure 26(d)(2) and 34(b)(2)(A), Defendants' requests were deemed served on September 1, and thus their objections are due on September 16, fifteen days later under this Court's local rules.  To be sure, Defendant's counsel has taken the position that the Rule 26(f) conference occurred on Friday, August 28, but that is incorrect.  The parties never spoke that day and Plaintiffs' counsel requested the conference to occur the following week, which it did.

Simon Sandoval-Moshenberg (VA Bar # 77110)
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Telephone: 703-778-3450
Fax: 703-778-3454
Email: nicholas@justice4all.org
Email: simon@justice4all.org

*Counsel for Plaintiffs Arturo Macias et al.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2020, I electronically filed a copy of the foregoing via ECF.

                Respectfully submitted,

                /s/ Preston M. Smith
                Preston Smith (VA Bar # 86908)
                ARNOLD & PORTER KAYE SCHOLER LLP
                601 Massachusetts Ave., N.W.
                Washington, D.C.  20001-3743
                Telephone:  +1 202.942.6406
                Facsimile:  +1 202.942.5999
                E-mail:  ian.hoffman@arnoldporter.com