| | |
|---|---|
| **From:** | Hoffman, Ian S. |
| **Sent:** | Wednesday, September 9, 2020 2:06 PM |
| **To:** | Redmond, Robert F. |
| **Cc:** | Smith, Preston; Cross, Breanna N.; Diles, Mitchell D.; Cantor, Daniel A. |
| **Subject:** | RE: Macias v. Monterrey/ Rule 26(f) Conference |

Bob -- Thanks for your e-mail below about the call we had on Friday, though please note that your summary contains characterizations that we do not agree with as well as several omissions from our discussion.  I see little to no utility on re-hashing those issues here.

On the deposition front, I can confirm the following deposition dates:
- Bladimir Marquez Esparza = October 2,2020 at McGuireWoods LLP
- Arturo Esparza Macias = October 5, 2020 at McGuireWoods LLP
- Francisco Odon Hernandez = October 6, 2020 at McGuireWoods LLP
- Catarino Odon Hernandez = October 7, 2020 at McGuireWoods LLP

I am still awaiting confirmation on the other 3 clients that are in the US.

I can also reiterate -- as we've discussed before, including on our call on September 1 and again on our call on September 4 -- that Jaime Marquez Esparza is in Mexico and thus is unable to sit for a deposition in Richmond.  On our calls, I described the multitude of factors that make in-person depositions in Richmond not feasible and not warranted.  Those factors include (but are not limited to):  restrictions on travel between the US and Mexico based on COVID 19, closure of normal visa processes at US consulates in Mexico, limitation on visas to emergency situations, no proximity between clients and US consulates in Mexico, a high COVID fatality rate in Mexico, limited number of medical personnel in Mexico, and caselaw allowing Zoom depositions in light of COVID.

So, please let me know if you will consent to conducting the depositions of our 10 Mexico-based clients via Zoom, so we can proceed on that front.

Thanks,

Ian

_____
Ian S. Hoffman
Partner

Arnold & Porter
601 Massachusetts Ave., NW
Washington | District of Columbia 20001-3743
T: +1 202.942.6406
Ian.Hoffman@arnoldporter.com | www.arnoldporter.com

---

**From:** Redmond, Robert F. <RRedmond@mcguirewoods.com>
**Sent:** Friday, September 4, 2020 4:24 PM
**To:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>

**Cc:** Smith, Preston <Preston.Smith@arnoldporter.com>; Cross, Breanna N. <BCross@mcguirewoods.com>; Diles, Mitchell D. <MDiles@mcguirewoods.com>
**Subject:** RE: Macias v. Monterrey/ Rule 26(f) Conference

External E-mail

Ian: Thanks for your call today. This email summarizes what we talked about.

1) You confirmed that seven of your clients are still in the United States. They are
    a. Jose Luis Diaz Gomez
    b. Ricardo Guadalupe Gomez Torres
    c. Jacobo Esparza Aquilar
    d. Arturo Esparza Macias
    e. Francisco Odon Hernandez
    f. Catarino Odon Hernandez
    g. Bladimir Marquez Esparza
2) You proposed new deposition dates for the seven persons listed above. The new tentative dates are as follows
    a. Jose Luis Diaz Gomez; September 21, 2020 at McGuireWoods LLP
    b. Ricardo Guadalupe Gomez Torres: September 22, 2020 at McGuireWoods LLP
    c. Jacobo Esparza Aquilar September 23, 2020 at McGuireWoods LLP
    d. Arturo Esparza Macias October 5, 2020 at McGuireWoods LLP
    e. Francisco Odon Hernandez October 6, 2020 at McGuireWoods LLP
    f. Catarino Odon Hernandez October 7, 2020 at McGuireWoods LLP
    g. Bladimir Marquez Esparza October 2,2020 at McGuireWoods LLP
3) We discussed that you would need to confirm these dates with the above named Plaintiffs. You said that some Plaintiffs may shift a day or two within the respective deposition blocks. I said that I will await further confirmation before sending out new notices for the Richmond depositions . You suggested that the depositions could be shortened or double-tracked. I said that that was not feasible in light of the detailed allegations in the 48 page single spaced Complaint.
4) You said that the remaining 10 Plaintiffs are in Mexico. You explained that you wanted to conduct these depositions by Zoom. You advised that federal regulations limited travel from Mexico to the United States based on COVID 19.  You advised that you were working on arrangements for Zoom depositions with a law firm in Mexico. I asked when you first started the process of arranging for the depositions of the Plaintiffs. You did not know when that process started.  I asked if there were internal travel restrictions with Mexico. You did not know that.
5) I asked how you knew that these 10 plaintiffs were in Mexico. You advised that you had been informed of this fact. I said that I wanted more definitive proof that these 10 plaintiffs were in Mexico. You did not commit to providing this more definitive proof but will caucus with your side and get back to me.
6) I advised that there were deposition notices served for all Plaintiffs including Jaime Esparza Marquez on September 11, 2020 . You advised me that he would not show up at the time and place noticed. I advised that the ball is in your court.
7) Finally, I said that I would prepare this email and here it is.

Please let me know if I can provide further information.

Thanks
Bob

**Robert F. Redmond**
McGuireWoods LLP
T: +1 804 775 1123 | M: +1 804 647 3960

---

**From:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Sent:** Friday, September 4, 2020 11:39 AM
**To:** Redmond, Robert F. <RRedmond@mcguirewoods.com>
**Cc:** Smith, Preston <Preston.Smith@arnoldporter.com>; Cross, Breanna N. <BCross@mcguirewoods.com>; Diles, Mitchell D. <MDiles@mcguirewoods.com>
**Subject:** Re: Macias v. Monterrey/ Rule 26(f) Conference

**EXTERNAL EMAIL; use caution with links and attachments**

Hi Bob — Can we chat this afternoon at 2:30 or 3:30? Thanks.

_____

Ian S. Hoffman
**Arnold & Porter**
O: 202-942-6406
M: 703-635-5939

> On Sep 3, 2020, at 9:27 AM, Redmond, Robert F. <RRedmond@mcguirewoods.com> wrote:
>
> External E-mail
>
> Ian. Good Morning.  Please see my reply to our comments below.
>
> Please let me know if I can provide further information.
>
> Thanks
> Bob
>
> **Robert F. Redmond**
> McGuireWoods LLP
> T: +1 804 775 1123 | M: +1 804 647 3960
>
> **From:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
> **Sent:** Wednesday, September 2, 2020 7:53 PM
> **To:** Redmond, Robert F. <RRedmond@mcguirewoods.com>; Smith, Preston <Preston.Smith@arnoldporter.com>
> **Cc:** Cross, Breanna N. <BCross@mcguirewoods.com>; Diles, Mitchell D. <MDiles@mcguirewoods.com>
> **Subject:** RE: Macias v. Monterrey/ Rule 26(f) Conference
>
> **EXTERNAL EMAIL; use caution with links and attachments**
>
> Hi Bob -- Thanks for speaking with us yesterday.  I disagree with many of your characterizations below, and I see little utility in going back and forth with you about the details of what we discussed.  But in order to keep things moving, I have inserted some additional comments and questions into your list below.  Thanks.

_____
Ian S. Hoffman
Partner

Arnold & Porter
601 Massachusetts Ave., NW
Washington | District of Columbia 20001-3743
T: +1 202.942.6406
Ian.Hoffman@arnoldporter.com | www.arnoldporter.com

---

**From:** Redmond, Robert F. <RRedmond@mcguirewoods.com>
**Sent:** Tuesday, September 1, 2020 4:00 PM
**To:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Smith, Preston <Preston.Smith@arnoldporter.com>
**Cc:** Cross, Breanna N. <BCross@mcguirewoods.com>; Diles, Mitchell D. <MDiles@mcguirewoods.com>
**Subject:** RE: Macias v. Monterrey/ Rule 26(f) Conference

External E-mail

Hi Ian . Good talking with you today.   Here is what we talked about

ISH: At the outset, we stated our mutual disagreement as to whether the Rule 26(f) conference had already occurred.  You maintain it occurred on Friday, August 28.  I maintain it did not.  We both reserved our rights on this issue.  RFR: To be clear, I addressed the Rule 26(f) topics in my email of Friday at 1:45 pm after you told me that you were not available on Friday (although you had previously advised that you were available all day Friday.  See attached email ) I offered the entire afternoon Friday to participate in the Rule 26(f) conference either by phone or email and you refused because, you said, you had to review the Pretrial Order.  At our call on Tuesday Sept. 1 I advised that you could not refuse to participate in a Rule 26(f) conference.

- We discussed email service of discovery and pleadings.  I proposed email with the caveat that date of service is two days after email sent. You agreed to consider that proposal. At your request, I have attached the discovery that we served on Friday August 28, 2020.

ISH: We discussed e-mail service of discovery requests, not pleadings (which are filed).  Two questions about your proposal:  (1) you mean 2 calendar days right? RFR: correct as I stated when I gave the example of email sent on Sept 1 and deemed received on Sept. 3.  And (2) it applies only to discovery requests, not discovery responses, right?  That is, under the proposal, responses would be due to be served via e-mail on the due date -- i.e., 2 days, plus 30 days from date of e-mail service of the request.  RFR: Correct. That was assumed based on our discussion of late evening service of discovery requests. If the answer to both of these questions is yes, then then we are in agreement.

- You agreed that Initial Disclosures are due September 11, 2020; 14 days after the Rule 26(f) conference.

ISH: I told you we agreed to serve initial disclosures on 9/11/20.  We obviously disagree on when the 26f conference occurred.  See above.

- You proposed moving your initial expert disclosure back to November 13, 2020 and moving our initial expert disclosure up to December 4, 2020.  You would then move your rebuttal deadline up to December 14, 2020.  I said I was not willing to shorten our own time. I am still not willing but I have no problem if you want to move your rebuttal deadline up to December 14, 2020.

ISH:  We believe the expert schedule I proposed is reasonable and warranted.  Nevertheless, we are willing to agree to the default schedule at present, reserving all rights to file an appropriate motion at a later point in time to vary that schedule as needed.  I understand you will reserve all rights to oppose such a motion.

- We both agreed that service of Exhibits could be the next business day after filing the exhibit list. So Plaintiffs' delivery of exhibits would be on Monday February 8, 2021 and Defendants' delivery of exhibits would be February 10, 2021.

ISH: Agree.

- We discussed whether FRCP 30(a) imposes a 10 deposition limit in a case with 17 Plaintiffs. Interesting discussion but at the end of the day, we both agreed that we would not hold each other to a limit on the number of depositions.

ISH: Agree, subject to reserving our rights in the future to move for a protective order if the number of depositions becomes unreasonable, excessive, unduly burdensome, harassing, etc.  But we agree that the 10 deposition limit does not apply.

- You had no objections to Defendants' Rule 26(f) ESI production methods. You said we should endeavor to preserve and produce, if possible the documents in native format. We both agreed to look into the feasibility of that.

ISH:  You proposed to produce documents in PDF format and my counter proposal was for both parties to make best efforts to produce in native format, and we agreed to look into it and discuss it further in the future.  I have no objection to producing data in Excel format so long as all of the backup to that data is preserved in its native format.  RFR: I proposed producing documents in PDF format, data in Excel and video and photos in JPEG and MP4.  You said you did not have a problem with that but that the parties should try to capture native format. Neither of us knew whether that was feasible so we agreed to look into it.  For purposes of the method of production, you agreed to my initial proposal subject to further inquiry.

- We agreed that it is unnecessary to privilege log post-filing communications between parties and their counsel.  You wanted to extend that to the pre-filing period but I disagreed.

ISH:  We will agree to disagree on this one.  We believe that logging communications between parties and counsel of record in this case, including pre-complaint communications, is not warranted.  We will take this issue up at an appropriate time in connection with service of our objections and responses to your document requests.

- You raised issues with the Plaintiffs attending their depositions.  Our position is that they filed suit in the EDVA and are parties. Therefore, they need to attend their depositions.  I offered to email you the recently served deposition notices. I will send those in a minute.

ISH:  This obviously mischaracterizes our conversation.  I did not raise any issue with any plaintiffs "attending their depositions."  I told you that, though I could not guarantee the outcome at this point, we would make our best efforts to bring our clients who are located in the United States to Richmond to sit for their depositions there.  For our clients located in Mexico, I informed you of the major immigration and COVID-related roadblocks to having them travel to sit for a deposition in Richmond.  Accordingly, I told you I was working on the logistical details of making those clients available to sit for a deposition in Mexico via Zoom.  You disagreed and stated that no depositions would happen over Zoom.  I told you I was working on the logistics for all of these issues, and that I would follow up with you by the end of this week with an update on where we stand, and I still intend to do so.   RFR: How did I mischaracterize our conversation? You certainly raised "issues with Plaintiffs attending their deposition". Your follow on paragraph above in green states just that: issues  with Plaintiffs attending their deposition.  I would steer clear of loaded phrases like "mischaracterize" if I were you.


I believe that these are all the topics you raised.

Please let me know if I can provide further information.

Thanks
Bob

5

**Robert F. Redmond**
McGuireWoods LLP
T: +1 804 775 1123 | M: +1 804 647 3960

**From:** Redmond, Robert F. <RRedmond@mcguirewoods.com>
**Sent:** Tuesday, September 1, 2020 12:29 PM
**To:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Smith, Preston <Preston.Smith@arnoldporter.com>
**Cc:** Cross, Breanna N. <BCross@mcguirewoods.com>; Diles, Mitchell D. <MDiles@mcguirewoods.com>
**Subject:** RE: Macias v. Monterrey/ Rule 26(f) Conference

Thanks. Sure. And to be clear. We have already had our Rule 26(f) conf. Glad to talk at 3 though.


Bob


Sent from my Sprint Samsung Galaxy Phone.



-------- Original message --------
From: "Hoffman, Ian S." <Ian.Hoffman@arnoldporter.com>
Date: 9/1/20 12:00 PM (GMT-05:00)
To: "Redmond, Robert F." <RRedmond@mcguirewoods.com>, "Smith, Preston" <Preston.Smith@arnoldporter.com>
Cc: "Cross, Breanna N." <BCross@mcguirewoods.com>, "Diles, Mitchell D." <MDiles@mcguirewoods.com>
Subject: RE: Macias v. Monterrey/ Rule 26(f) Conference

**EXTERNAL EMAIL; use caution with links and attachments**

Bob -- Can we push our call to 3:00 p.m. today? A&P DC is still on a work from home status, and I've been reminded that my kids have a (Zoom) piano lesson today in the next room over at 2:30. They are far from prodigies, so it won't be pleasant background noise.

Let me know if that works and sorry for the changeup. Thanks

Ian



_____
Ian S. Hoffman
Partner

Arnold & Porter
601 Massachusetts Ave., NW
Washington | District of Columbia 20001-3743
T: +1 202.942.6406
Ian.Hoffman@arnoldporter.com | www.arnoldporter.com

**From:** Redmond, Robert F. <RRedmond@mcguirewoods.com>
**Sent:** Tuesday, September 1, 2020 9:05 AM
**To:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Smith, Preston <Preston.Smith@arnoldporter.com>
**Cc:** Cross, Breanna N. <BCross@mcguirewoods.com>; Diles, Mitchell D. <MDiles@mcguirewoods.com>
**Subject:** RE: Macias v. Monterrey/ Rule 26(f) Conference

External E-mail

Looks good. I will be at my desk

**Robert F. Redmond**
McGuireWoods LLP
T: +1 804 775 1123 | M: +1 804 647 3960

**From:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>
**Sent:** Tuesday, September 1, 2020 8:51 AM
**To:** Redmond, Robert F. <RRedmond@mcguirewoods.com>; Smith, Preston <Preston.Smith@arnoldporter.com>
**Cc:** Cross, Breanna N. <BCross@mcguirewoods.com>; Diles, Mitchell D. <MDiles@mcguirewoods.com>
**Subject:** RE: Macias v. Monterrey/ Rule 26(f) Conference

**EXTERNAL EMAIL; use caution with links and attachments**

Hi Bob -- Can we chat this afternoon about these issues? How does 2:30 look? Thanks

Ian

_____
Ian S. Hoffman
Partner

Arnold & Porter
601 Massachusetts Ave., NW
Washington | District of Columbia 20001-3743
T: +1 202.942.6406
Ian.Hoffman@arnoldporter.com | www.arnoldporter.com

**From:** Redmond, Robert F. <RRedmond@mcguirewoods.com>
**Sent:** Friday, August 28, 2020 1:45 PM
**To:** Hoffman, Ian S. <Ian.Hoffman@arnoldporter.com>; Smith, Preston <Preston.Smith@arnoldporter.com>
**Cc:** Cross, Breanna N. <BCross@mcguirewoods.com>; Diles, Mitchell D. <MDiles@mcguirewoods.com>
**Subject:** Macias v. Monterrey/ Rule 26(f) Conference

External E-mail

Ian: Per Rule 26(f) the Defendants plan is as follows

1. **Nature and Bases of the Claims and Defenses**:  These issues have been thoroughly vetted in the Motion to Dismiss briefing and hearing on June 15, 2020.
2. **Possibilities of Settlement:**  The parties have fully investigated the possibilities for settlement at the full day mediation with Judge Stillman on August 25, 2020.
3. **Disclosures required under FRCP 26(a)(1):**   These are required in the EDVA and we have proposed the deadline as stated in FRCP 26(a)(1)(C)
4. **Discussion of Evidence Preservation:**  The parties have common law obligations to preserve evidence when they know or have reason to know that this lawsuit would be filed (for Plaintiffs) and had been filed (for Defendants).
5. **Proposed Discovery Plan:**  In light of the Judge Payne's standard Pretrial  Order and the assigned trial date, it is imperative that discovery commence immediately.  Plaintiffs expert witness disclosures are due in almost 60 days. Seventeen Plaintiffs need to be deposed. Plaintiffs expect to call dozens of other  witnesses. Defendants will likely call more than a dozen fact witnesses. Therefore discovery must begin immediately in order to meet the January 6, 2021 discovery cutoff date.
    a. **Changes to the Timing, Form or Requirement for Disclosures.**   Defendants oppose any changes to the timing, form or requirements for disclosures.
    b. **Issues Related to Production of Electronically Stored Information.**  Defendants propose producing electronically stored information in PDF format for documents, Excel for data and JPEG or MP4 for video and photographs
    c. **Privilege Issues.**  Judge Payne's standard order governs privilege issues
    d.  **Changes Made to the Limitations on Discovery:**  Defendants oppose any changes to the limitations on discovery
    e. **Other issues:**  Defendants are not aware of any other issues

I am glad to discuss this with you. I am at my desk all day. I can conference in your colleagues if you would like.  I welcome your Rule 26(f) plan.  Please send any thoughts and comments by 5:30 pm.

Thanks for your cooperation

Bob


**Robert F. Redmond**
McGuireWoods LLP
T: +1 804 775 1123 | M: +1 804 647 3960

Ian and Preston: Good Morning.

I have attached a proposed Pretrial Scheduling Order in this case. I have also attached PDFs of a recent Pretrial Scheduling order issued by Judge Payne in March of this year. As you can see by the March 2020 order, Judge Payne has a standard template – "Schedule A" – that he appends to his case specific order.  I have incorporated "Schedule A" into our order. I have also drafted a Table of Deadlines so it is clear when the deadlines will fall.

Please let me know your comments on the draft order in this case.

Also, you indicated that you both were available this afternoon when we were scheduling the Initial Pretrial Conference. I would like to use that time for a brief Rule 26(f) conference. Please let me know if you are available at 2:30 pm this afternoon.  If not, let me know a better time this afternoon.

Thanks for your cooperation

Bob


**Robert F. Redmond**
Partner
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
T:   +1 804 775 1123
M: +1 804 647 3960
F:   +1 804 698 2145
rredmond@mcguirewoods.com
Bio | VCard | www.mcguirewoods.com

<image001.gif>

---

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

<mime-attachment>

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com