```
 1                IN THE UNITED STATES DISTRICT COURT
 2                FOR THE EASTERN DISTRICT OF VIRGINIA
 3                         RICHMOND DIVISION
 4
 5     ---------------------------------------
                                              :
 6      ARTURO ESPARZA MACIAS, et al.         :   Civil Action No.
                                              :   3:19cv830
 7      vs.                                   :
                                              :
 8      MONTERREY CONCRETE, LLC, et al.       :   October 6, 2020
                                              :
 9     ---------------------------------------
10
11           COMPLETE TRANSCRIPT OF THE CONFERENCE CALL
12              BEFORE THE HONORABLE ROBERT E. PAYNE
13                   UNITED STATES DISTRICT JUDGE
14
15     APPEARANCES:
16     Ian S. Hoffman, Esquire
       Daniel Cantor, Esquire
17     Arnold & Porter Kaye Scholer, LLP
       601 Massachusetts Ave NW
18     Washington, D.C.  20001
       Counsel for the plaintiffs
19
       Robert F. Redmond, Jr., Esquire
20     McGuireWoods, LLP
       Gateway Plaza
21     800 East Canal Street
       Richmond, Virginia  23219
22     Counsel for the defendants
23
24                        Peppy Peterson, RPR
                          Official Court Reporter
25                      United States District Court
```

```
 1                          P R O C E E D I N G S

 2

 3            THE COURT:  Hello.  This is Macias against Monterrey

 4   Concrete, 3:19CV830.  Starting with counsel for the plaintiff,

 5   who is here, and when you speak, give your name.

 6            MR. HOFFMAN:  Good morning, Your Honor.  This is Ian

 7   Hoffman of Arnold & Porter on behalf of the plaintiffs, and my

 8   partner Dan Cantor, C-a-n-t-o-r, is also on the line as well.

 9            MR. REDMOND:  Good morning, Your Honor.  This is Bob

10   Redmond, counsel for the defendants.  There are no other

11   defendant's counsel present.

12            THE COURT:  All right.  I have a letter from each of

13   you dated October -- there's a paper called defendant Monterrey

14   Concrete, etcetera, bullet point summary of discovery issues

15   that's been filed.  I don't have the docket number.  Oh, they

16   haven't been filed.  They just were sent in here yesterday, and

17   then there's a letter from the plaintiffs dated October 5th.

18            I have been reading the history of this case.  Who is

19   the senior partner in the plaintiffs' law firm that's

20   responsible for this case?

21            MR. CANTOR:  That is me, Your Honor, Dan Cantor.

22            THE COURT:  Mr. Cantor, from now on, you will take

23   over, and you will handle things.

24            MR. CANTOR:  Yes, Your Honor.

25            THE COURT:  I have seen dilatory action before, but
```

1    I'm surprised about it on this scale.  I realize you may be
2    taking this case pro bono, Mr. Cantor, Mr. Hoffman, but that's
3    no excuse not to live by the rules of procedure.  And this
4    constantly talking about meeting and conferring, meeting and
5    conferring has a legitimate purpose, and it's fine, but it
6    cannot be used as part of the four-corners offense which is
7    what's happening here.
8           Now, this case is going to get under control, and
9    it's going to get under control pretty quickly, and the only
10   way I can see to do it is to centralize the decisional process
11   in one person.  If you need help, that's fine, but decisions
12   are going to be made by the senior person, papers signed by the
13   senior person.  That's going to be the person who I am going to
14   look to deal with in the future.
15          Mr. Redmond, are you the senior person in your firm
16   handling this case?
17          MR. REDMOND:  Yes, Your Honor, I am the senior
18   person.
19          THE COURT:  Same rule goes for you.
20          MR. REDMOND:  Thank you, Your Honor.
21          THE COURT:  Just dealing with the topics, I would
22   think that the right thing to do here is to have you forthwith
23   file briefs on the questions that you raised.  I don't know
24   what I can do.  If they spoliated the Facebook page of Mr.
25   Aguilar, then sanctions can obtain for that.

1        What is the point -- and I would assume you can just
2   move for it, whatever sanctions you want, keeping the evidence
3   out, whatever it was.  I don't know what you will do.
4        On the privilege log waiver, if you -- the privilege
5   log was due, it wasn't filed.  If it's not, the rule in this
6   district and this circuit is there's a waiver.  Mr. Redmond
7   asserts that there is a waiver according to his letter.  In the
8   letter of Mr. Hoffman, the -- I'm not quite sure what the
9   position is on the waiver.  The letter from Mr. Hoffman is a
10  little bit hard for me to follow, but it looks to me like if
11  you believe that the privilege has been waived, then the proper
12  thing to do is to move to compel privileged documents, brief
13  it, and the ground is waiver.  I will address it.
14       MR. HOFFMAN:  Your Honor, this is Ian Hoffman.  May I
15  be heard on that issue?
16       THE COURT:  I'm going to give you a chance to be
17  heard on it in the briefing, but, yes, if you'd like to -- it
18  seems to me like what I need to do is have the picture in front
19  of me from each side and then I'll decide it, but what do you
20  have to say?
21       MR. HOFFMAN:  Your Honor, of course we're happy to
22  brief it as well.  I'm just responding to the Judge's comment
23  about lack of clarity from our correspondence.  Your Honor, we
24  filed a motion for protective order concerning the privilege
25  log and asking the Court's permission to serve a categorical

1  privilege log which we did in lieu of the traditional privilege
2  log.
3            That filing of that motion, under the Court's orders
4  and rules, forecloses any sort of waiver.  After the last
5  conference call with the Judge in the midst of the briefing on
6  that motion for protective order, after the last call with the
7  Judge and the Judge's admonitions to be reasonable and minimize
8  disputes, I reached out to Mr. Redmond and informed him that we
9  would comprise and prepare a traditional privilege log in
10 addition to the categorical log that we already served, and I
11 called him for the specific purpose of following the Court's
12 direction of meeting and conferring and minimizing disputes,
13 and I requested them -- from him that -- I told him of our
14 intention to file a notice of withdrawal of our motion and that
15 we were preparing a privilege log and that we would produce it
16 soon.  I just wanted to confirm with him that that withdrawal
17 of a motion wouldn't trigger further disputes and further
18 fights before the Court.
19           Mr. Redmond said that he would, you know, reserve his
20 rights, he would review whatever privilege log we produced when
21 we produced it.
22           THE COURT:  When are you producing it is what I'm
23 unclear about.
24           MR. HOFFMAN:  Our intention, Your Honor -- it's being
25 worked on right now -- by the end of this week.

1                    THE COURT:  Friday.

2                    MR. HOFFMAN:  Yes, Your Honor.

3                    THE COURT:  What's the date?

4                    MR. HOFFMAN:  Friday, October 9th.

5                    THE COURT:  You produce the privilege log Friday,

6       October 9th.

7                    MR. REDMOND:  Your Honor, if I may speak to this

8       point that Mr. Hoffman has raised.  It's important to me.

9                    THE COURT:  All right, go ahead.

10                   MR. REDMOND:  Your Honor, I made it absolutely clear

11      to Mr. Hoffman when he told me he was withdrawing his motion

12      that we were not waiving any rights whatsoever and we reserve

13      all rights.

14                   THE COURT:  He said that.

15                   MR. REDMOND:  Your Honor, we believe this is waiver.

16      They haven't produced a privilege log.  They filed in --

17                   THE COURT:  Mr. Redmond, he said that you had told

18      him you reserved your rights but would look at whatever was

19      filed.  The answer still on the table is you believe that they

20      have waived their privilege; right?

21                   MR. REDMOND:  Yes, Your Honor.

22                   THE COURT:  Then brief it.

23                   MR. REDMOND:  Yes, Your Honor.

24                   THE COURT:  And I'll set a schedule for that.  The

25      blacked-out photos, I don't understand.  What good is a

1 blacked-out photo?  I don't understand that one.

2         MR. REDMOND:  Your Honor, this is Bob Redmond.
3 That's the problem.  They produced photos in response to our
4 request for production, and they blacked out the faces of
5 people in the photos --

6         THE COURT:  Excuse me.  Photos of whom?

7         MR. REDMOND:  Well, we don't know who it is.  It's
8 photos of the plaintiffs at parties and places like that where
9 they seem to be having a good time in contradiction of their
10 complaint, but we would like to know who the blacked-out people
11 are because we'd like to talk to those people as well because
12 they seemed also to be having a good time.

13         THE COURT:  So they didn't black out the picture of
14 the plaintiff.  They blacked out the photo of the people in the
15 picture other than plaintiff; right?

16         MR. REDMOND:  I believe that's true, Your Honor.  I
17 just saw a number of photos when I was looking at the
18 production, and they just blacked out faces either randomly or
19 people that would be friendly with the plaintiff, and we
20 need -- we'd like to know who these people are because everyone
21 seems to be having a good time.

22         THE COURT:  Did you black out these photos, Mr.
23 Hoffman?  Why were they blacked out?

24         MR. HOFFMAN:  Frankly, Your Honor, I am not certain
25 right now.  I don't know what photos in our production that Mr.

1  Redmond is talking about. I'd appreciate, you know, if he gave
2  us Bates numbers or something like that. I don't know which
3  documents -- the only documents I'm aware of right now, I have
4  a recollection of one when the production was being prepared, a
5  small -- a photo within a photo essentially.
6          There was a photograph that we produced, and inside
7  the photograph there was a small picture like in a frame. I
8  believe it was potentially someone's wife and child, so I
9  believe we redacted that out of concerns of personal privacy,
10 but, of course, if we have the Bates numbers, I'm happy to look
11 at them again and produce under, you know, confidentiality
12 stamp if Mr. Redmond wants them. I just don't know what photos
13 we're talking about.
14         THE COURT: Can you identify by Bates pages or
15 something, Mr. Redmond?
16         MR. REDMOND: Yes, Your Honor, we'll do that.
17         THE COURT: Then you provide it to him, and you give
18 him the un-redacted versions of the photographs, Mr. Hoffman.
19         MR. HOFFMAN: Yes, Your Honor.
20         THE COURT: Then there's the failure to verify
21 interrogatories as the next topic. If they have failed to
22 verify their interrogatories, you are entitled to move for
23 whatever sanctions the Federal Rules of Civil Procedure allow
24 when somebody fails to verify their interrogatories. So that
25 will be a motion for whatever relief you want. I don't know

```
 1  what you want, but that seems to me to be the way to handle
 2  this.
 3              MR. REDMOND:  Yes, Your Honor.
 4              THE COURT:  And those are the topics that are listed
 5  in your papers.  So as to each of them, we can set a briefing
 6  schedule on everything, or you can have different briefing
 7  schedules.  It looks to me like that all of it can be done
 8  fairly much at the same time, but I'm not involved in the case
 9  the way you all are, so do you want a schedule so they're all
10  done on the -- produced -- briefs are presented on the same day
11  and responses are presented on the same day, etcetera?
12              MR. REDMOND:  Your Honor, this is Bob Redmond.  We
13  would like to do that.
14              THE COURT:  All right.  What date do you want to file
15  your motion to compel then, and that would be as to the
16  spoliation of Facebook pages, the privilege log waiver, and the
17  motion for whatever relief you want for failing to verify
18  interrogatories.  What day do you want to do that on?
19              MR. REDMOND:  October 13th, Your Honor.
20              THE COURT:  What do you want, Mr. Cantor, for
21  response?
22              MR. CANTOR:  Your Honor, would seven days after that
23  be okay?
24              THE COURT:  Sure, if that's what you want.  That
25  would be the 20th; right?
```

```
1                MR. CANTOR:  Yes, sir.
2                THE COURT:  And what reply do you want, Mr. Redmond?
3                MR. REDMOND:  Your Honor, we would like the reply to
4    be on October 24th.
5                THE COURT:  All right.  And then they are producing
6    all the photographs -- they're producing the privilege log on
7    the 9th, and they're producing -- when are you producing the
8    photos?
9                MR. HOFFMAN:  Your Honor, as soon as we get the Bates
10   numbers, I think we can turn that around within a day.
11               THE COURT:  When can you get them the Bates numbers,
12   Mr. Redmond?
13               MR. REDMOND:  We can get them the Bates number by
14   close of business today, Your Honor.
15               THE COURT:  So you can produce those on the 9th then;
16   is that right?
17               MR. HOFFMAN:  Sure, Your Honor, yes.
18               THE COURT:  All right.  Is there anything else that
19   either one of you need to talk about?
20               MR. REDMOND:  Your Honor, I believe the other issues
21   that we need to talk about are subject to current briefing.
22               THE COURT:  All right.  Refresh my recollection.
23   Have I asked you all to address in briefing the prospect of
24   taking -- of severing the claims of all the plaintiffs who are
25   not in the United States?
```

```
 1            MR. REDMOND:  Your Honor, this is Bob Redmond.  We
 2   have briefed that.  The final brief came in last night by the
 3   plaintiffs.
 4            THE COURT:  I haven't read it yet, so we'll see.  All
 5   right.  Thank you all very much.  If there's nothing -- Mr.
 6   Cantor, Mr. Hoffman, you all have anything?
 7            MR. CANTOR:  No, Your Honor, thank you.
 8            MR. HOFFMAN:  No, Your Honor.
 9            THE COURT:  Thank you very much.  Bye-bye.
10            MR. REDMOND:  Thank you, Your Honor.
11
12
13                      (End of proceedings.)
14
15
16        I certify that the foregoing is a correct transcript
17   from the record of proceedings in the above-entitled matter.
18
19
20   _____/s/_____              _____
     P. E. Peterson, RPR               Date
21
22
23
24
25
```