**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

ARTURO ESPARZA MACIAS, *et al.*,

    Plaintiffs,

v.

MONTERREY CONCRETE, LLC, *et al.*,

    Defendants.

Case No. 3:19-cv-00830-REP

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS UNDER FEDERAL RULE 37(b)(1-2) AND (d)(3)**

    Defendants' Motion for Sanctions (ECF No. 54) should be denied. Mr. Aguilar does not dispute that, although he traveled to Richmond for purposes of preparing for and attending his deposition, he fled the day before it was originally scheduled to commence. Mr. Aguilar fled based on a fear of Defendant De La Rosa and the prospect of being in his presence during the deposition. Mr. Aguilar was "afraid of what may happen to me and my family" in Mexico. *See* Rough Tr. of October 1, 2020 Deposition of J. Aguilar at 10:22-13:14 ("Depo. Tr.") (excerpts attached as **Exhibit A**). Knowing he could not proceed with the case without being deposed, Mr. Aguilar chose to file a motion for leave to amend, asking the Court to allow him to be dismissed. ECF No. 67. However, on September 28, 2020, the Court ordered Mr. Aguilar to appear for a deposition on October 1, 2020, irrespective of the resolution of Mr. Aguilar's request to be dismissed. ECF Nos. 69, 72. Mr. Aguilar complied with the Court's order and sat for his deposition on October 1, 2020, where he was questioned by Defendants' counsel until 6:45 p.m., all while in the presence of Defendant De La Rosa.

    Mr. Aguilar's appearance at his deposition (a) cured any material prejudice that

1

Defendants may have suffered as a result of Mr. Aguilar's initial non-appearance, and (b) removed Mr. Aguilar's desire to withdraw from the case. Because of the Court's order, Mr. Aguilar was forced to complete the one task he had been sorely "afraid" to do—sit for a deposition in the presence of De La Rosa. Having completed that difficult task, Mr. Aguilar wants to remain in the case. Accordingly, he has withdrawn his motion for leave to amend. ECF No 82. Defendants' motion for sanctions should be denied.

## RELEVANT FACTUAL BACKGROUND

1. Mr. Aguilar's deposition was originally scheduled to take place on September 23, 2020, in Richmond, Virginia.

2. Prior to his deposition, Mr. Aguilar traveled from Delaware to Richmond, Virginia and met with his counsel. However, after he learned that Defendant De La Rosa would be present for the deposition, Mr. Aguilar became afraid and decided to leave the Richmond area. Ex. A, Depo. Tr. 10:22-13:14.

3. After learning that Mr. Aguilar had left Richmond, the undersigned counsel for Plaintiffs promptly informed Defendants' counsel of that fact (during a break in another deposition) and that Mr. Aguilar's deposition the following day would not be going forward.

4. The following day, undersigned counsel for Plaintiffs updated Defendants' counsel that Mr. Aguilar wished to withdraw from the case. Plaintiffs' counsel asked whether Defendants would consent to dismissing Mr. Aguilar from the case. Defendants' counsel responded that he would not consent unless Mr. Aguilar agreed to a number of conditions, including that the dismissal be with prejudice and that Mr. Aguilar agree under oath to a number of factual statements supportive of Defendants' defenses. *See* Doc. # 68-1 (Sept. 23, 2020 email from R. Redmond to I. Hoffman). Defendants then filed the Motion for Sanctions, requesting

2

only that Mr. Aguilar be dismissed. ECF Nos. 54-55.

5.  Thereafter, Plaintiffs' counsel again contacted Defendants' counsel, informed him that Mr. Aguilar was willing to dismiss his claims with prejudice, and requested that Defendants consent to a stipulation reflecting such a dismissal. *See* Doc. # 68-1 (Sept. 25, 2020 email from I. Hoffman to R. Redmond). Defendants did not consent. Thus, Plaintiffs thereafter filed a motion seeking leave to amend the complaint to remove Mr. Aguilar as a plaintiff (the "Motion to Amend"). ECF No. 67. In the Motion to Amend, Mr. Aguilar did not request dismissal with prejudice. ECF Nos. 67-68.

6.  On September 28, 2020, the Court held a hearing where it addressed, among other things, the issues in the present Motion for Sanctions and the Motion to Amend. The Court stated that it would be inclined to grant dismissal of Mr. Aguilar pursuant to FRCP Rule 41 on the conditions that the dismissal be with prejudice and that Mr. Aguilar sit for a deposition. ECF No. 72 at 11:25-12:6. On that call, Plaintiffs' counsel stated that Mr. Aguilar may not want to dismiss if he were being ordered to sit for the deposition. *Id*. at 14-15

7.  The Court then ordered the deposition of Mr. Aguilar to proceed on October 1, 2020. *Id.* at 18:6-24.

8.  On October 1, 2020, Mr. Aguilar sat for his deposition. He testified that he came to Richmond to be deposed on September 23, 2020, however, when he found out that Mr. De La Rosa would be in the room, he fled because he is "afraid" of Mr. De La Rosa and "afraid of what may happen to me and my family." Ex. A, Depo. Tr. 10:22-13:14. Mr. Aguilar further testified that he wanted to stay in the case. *Id.* at 257:7-12.

## ARGUMENT

Defendants' Motion for Sanctions asks that Mr. Aguilar be dismissed for failing to

3

appear at his deposition on September 23, 2020. Because Mr. Aguilar appeared and testified at his October 1, 2020 deposition—8 days later—there is no material prejudice to Defendants and their motion should be denied.

The Fourth Circuit considers a number of factors in imposing sanctions under Rule 37, including whether a party acted in bad faith and the prejudice to the moving party. *See Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998) (considering "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective."). The sanction of dismissal is a last resort and should be used only on rare occasion. *See Taylor v. Oak Forest Health and Rehab, LLC*, 302 F.R.D. 390, 393 (M.D.N.C. Sept. 9, 2014) (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) ("[D]ismissal is not a sanction to be invoked lightly."); *Hellebuyck v. Gucci America*, 1:19-cv-1556, 2020 WL 4904267 at *2 (E.D. Va. Aug. 18, 2020). ("Dismissal or non-monetary sanctions that are the equivalent of dismissal should be used sparingly and only in situations where their deterrent value cannot be substantially achieved by use of less drastic sanctions."). Indeed, at least one court within this district has dismissal to be "not warranted" for failure to appear at a deposition, even when that non-appearance was not justified. *See Allen v. Cogent Communications, Inc.*, 1:14cv459, 2015 WL 236628 at *2-3 (E.D. Va. 2015)

Here, dismissal for what now amounts to a delayed deposition is not warranted. Mr. Aguilar missed his initially scheduled deposition because he was "afraid" of Mr. De La Rosa, afraid to be in his presence for the course of the deposition, and "afraid of what may happen to me and my family." Ex. A, Depo. Tr. 10:22-13:14. Indeed, Mr. Aguilar testified that he fled

4

because he heard De La Rosa had retaliated against another employee who had sued him by threatening to "send people to harm his family back home" in Mexico. *See id.* at 61:1-62:11. However, 8 days after his initial deposition date, Mr. Aguilar did sit for a deposition in compliance with the Court's order. As a result, Defendants have not been prejudiced in any material way. Furthermore, as shown above, Plaintiffs acted in good faith with regard to Mr. Aguilar's deposition—when undersigned counsel was made aware the Mr. Aguilar would not be present for his deposition on September 23, 2020, he informed Defendants' counsel. Plaintiff's counsel also attempted to meet and confer with Defendants' counsel to see if they could reach a resolution regarding Mr. Aguilar's dismissal without court involvement. Then, in response to the Court's order, Mr. Aguilar did appear for his deposition. This negated any prejudice Defendants would have suffered without having the ability to take Mr. Aguilar's deposition. Under these facts, dismissal is not warranted.

      Given that Mr. Aguilar was ordered to sit for his deposition and has done so, Mr. Aguilar wants to remain in the case. Thus, Plaintiffs have therefore withdrawn their Motion to Amend to drop Mr. Aguilar as a plaintiff. *See* ECF No. 82. Because the Motion to Amend has been withdrawn, the only remaining basis on which to dismiss Mr. Aguilar from the case would be as a sanction for failing to appear at his initial deposition, which as discussed above, is not warranted on these facts.

      In all events, even if the Motion to Amend to drop Mr. Aguilar's claims were still pending, Mr. Aguilar should be afforded an opportunity to withdraw that request in light of any conditions the Court may impose. Here, Mr. Aguilar moved to voluntarily dismiss his claims, and the Court imposed conditions on that dismissal—namely, that the dismissal be with prejudice and that Mr. Aguilar sit for a deposition (ECF No. 72 at 12). In light of those

conditions, it is proper to give Mr. Aguilar an opportunity to decide whether he wants to proceed with dismissal—or continue litigating—in light of the conditions. *See Stretchline Intellectual Properties Ltd. v. H&M Hennes & Mauritz LP*, 2:10-CV-371, 2015 WL 789185, at *3 (E.D. Va. Feb. 24, 2015) ("[If] the court intends to dismiss with prejudice, the court may not do so unless it first provides the plaintiff . . . : (1) advance notice of its inclination toward such dismissal, (2) the opportunity to respond to defense counsel's request for that result; and (3) the option of allowing its case to proceed to judgment on the merits.").[1]  Here, in light of the conditions the Court imposed on Mr. Aguilar that would accompany his dismissal, and in light of the fact that he completed his deposition, Mr. Aguilar has decided to withdraw his request for dismissal and he desires to remain in the case.[2]

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully ask that the Court deny Defendants' Motion for Sanctions and permit Mr. Aguilar to remain in this action.

---

[1] *See also Jones v. Hill*, 73 F.3d 357 (4th Cir. 1995) (Table) (per curiam) (holding that "the district court abused its discretion in dismissing [plaintiff's] action with prejudice without first affording him notice of its intention to do so."); *Lang v. Manufacturers and Traders Trust Co.*, 274 F.R.D. 175, 186 (D. Md. 2011) (noting that, instead of accepting court-imposed conditions of dismissal, "Plaintiffs also have the right to withdraw their motion seeking voluntary dismissal and proceed with their case in this Court") (citing *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471 n.1 (4th Cir. 1993)); *Lee v. Certainteed Corp.*, No. 5:13-CV-826-FL, 2016 WL 1228593, at *10 (E.D.N.C. Mar. 28, 2016) (concluding that plaintiffs could determine whether or not to proceed with voluntary dismissal with court-imposed conditions and should notify court of its decision); *Samsung Elecs. Co. v. Rambus, Inc.*, 440 F. Supp. 2d 495 (E.D. Va. 2006) (Payne, J.) (citing *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir.1986)).

[2] Defendants already have indicated their intention to file a motion for sanctions against Mr. Aguilar based on alleged spoliation issues that were inquired into at the October 1, 2020 deposition.  Mr. Aguilar disputes that allegation, which will be separately briefed pursuant to the Court's Order.  *See* ECF No. 81.  In all events, this confirms that any purported issues with the substance of Mr. Aguilar's testimony can be addressed in other ways, short of dismissal.

October 7, 2020                                     Respectfully submitted,


                                                      /s/ Daniel A. Cantor
Daniel A. Cantor (admitted *pro hac vice*)
Ian S. Hoffman (VA Bar # 75002)
Preston Smith (VA Bar # 86908)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001-3743
Telephone: +1 202.942.5000
Facsimile: +1 202.942.5999
E-mail: daniel.cantor@arnoldporter.com
E-mail: ian.hoffman@arnoldporter.com
E-mail: preston.smith@arnoldporter.com

Rachel Colleen McFarland (VA Bar # 89391)
Jason Blair Yarashes (VA Bar # 90211)
Legal Aid Justice Center
1000 Preston Avenue, Suite A
Charlottesville, VA 22903
Telephone : 434-977-0553
Fax: 434-977-0558
Email: rmcfarland@justice4all.org
Email: jasony@justice4all.org

Nicholas Cooper Marritz (VA Bar # 89795)
Simon Sandoval-Moshenberg (VA Bar # 77110)
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Telephone: 703-778-3450
Fax: 703-778-3454
Email: nicholas@justice4all.org
Email: simon@justice4all.org


*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2020, I electronically filed the foregoing document via ECF, which caused a copy of the foregoing to be served on all counsel of record.

Respectfully submitted,

/s/ Ian S. Hoffman
Ian S. Hoffman (VA Bar # 75002)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001-3743
Telephone: +1 202.942.5000
Facsimile: +1 202.942.5999
E-mail: ian.hoffman@arnoldporter.com