```
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
            Richmond Division
```

ARTURO ESPARZA MACIAS,
et al.,

    Plaintiffs,
v.                                              Civil Action No. 3:19cv830

MONTERREY CONCRETE LLC,
et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANTS' MOTION FOR SANCTIONS UNDER FEDERAL RULE 37(d)(3) (ECF No. 37) (the "Motion"). For the reasons stated below, the Motion is granted in part and denied in part.

**BACKGROUND**

Arturo Esparza Macias, Victor de los Reyes Rabanales, Cesar Ivan Esparza Aguilar, Jaime Marquez Esparza, Manuel Marquez Esparza, Jacobo Esparza Aguilar, Jose Luis Diaz Gomez, Ricardo Guadalupe Gomez Torres, Rodrigo Canales Salazar, Bladimir Guadalupe Macias Esparza, Catarino Odon Hernandez, Francisco Odon Hernandez, Reuel Eugenio Villagrana Canales, Alonso Cisneros Ayala, Leopoldo Gonzales, Luis Carlos Romero, and Uriel Cisneros (collectively the "Plaintiffs") filed this action on November 6, 2019 against Defendants Monterrey Concrete, LLC ("Monterrey") and

Defendant Jose De La Rosa ("De La Rosa" and with Monterrey the "Defendants"). Plaintiffs are Mexican nationals who came to the United States on H-2A and H-2B visas between 2014 and 2018 to work for Monterrey, a concrete contracting business located in Henrico, Virginia and owned and overseen by De La Rosa. Plaintiffs seek damages incurred as a result of Defendants' alleged violations of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1589 et seq., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Virginia common law of contracts. See Am. Compl., ECF No. 84.

The discovery dispute at hand arose because Plaintiff Jaime Marquez Esparza[1] failed to appear at his noticed deposition in Richmond, Virginia, on September 11, 2020. The pertinent facts are straight-forward and not disputed. On August 28, 2020, one day after the initial pretrial conference, Defendants served a notice for the deposition of Jaime Marquez Esparza to be taken on September 11, 2020 in Richmond. Plaintiffs' counsel received the notice on August 31. The same day, Defendants served deposition notices for the other 16 plaintiffs in this case.

Thereafter, counsel participated in two conference calls, one on September 1 and September 4. During these calls, Plaintiffs'

---

[1] The plaintiff's full name is used throughout because there is another plaintiff with the same last name (Manuel Marquez Esparza).

2

counsel informed Defendants' counsel that ten of the plaintiffs,[2] including Jaime Marquez Esparza, were in Mexico and could not attend depositions in Richmond because of the COVID-19 pandemic and related government-imposed travel and visa restrictions. Defs.' Mem. at 5-6, ECF No. 38; Pls.' Mem. at 2-3, ECF No. 56. Plaintiffs' counsel proposed conducting the depositions of the plaintiffs in Mexico remotely by Zoom. Defendants' counsel did not agree to remote depositions and "advised [Plaintiffs' counsel] that the ball is in your court." Defs.' Mem. Ex. 15 at 2, ECF No. 38-15.

As the date for Jaime Marquez Esparza's deposition approached, Plaintiffs' counsel emailed Defendants' counsel three times (once on September 9 and twice on September 10), reiterating that Jaime Marquez Esparza could not appear for his deposition in Richmond because he was in Mexico. The email also posited a meet and confer session to "try to work out a path forward." Pls.' Mem. at 3-4. Defendants' counsel did not respond to these emails. Id. at 4-5.

On September 11, Jaime Marquez Esparza did not appear for his deposition in Richmond. Id. at 5. Later that day, Defendants'

---

[2] On September 18, Plaintiffs notified the Court that one of the plaintiffs whom they previously believed to have been in Mexico, Rodrigo Canales Salazar, actually was in Texas, reducing the number of plaintiffs who are currently in Mexico to nine. Notice Regarding Dep. Status at 1, ECF No. 51.

3

counsel filed the Motion asking the Court to enter judgment against Jaime Marquez Esparza on all his claims as a sanction for failing to appear at the noticed deposition.

## DISCUSSION

### I. Legal Standard

Fed. R. Civ. P. 37(d)(1)(A)(i) provides that:

> The court where the action is pending <u>may</u>, on motion, <u>order sanctions</u> if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition.

(emphasis added). Those sanctions may include "striking pleadings in whole or in part," "dismissing the action or proceeding in whole or in part," and "rendering a default judgment against the disobedient party." Fed R. Civ. P. 37(b)(2)(A)(i)-(vi).

Under Rule 26(c), as pertinent here, "[a] party . . . from whom discovery is sought may move for a protective order" that forbids the putative discovery or that sets a place or mode of discovery. Fed. R. Civ. P. 26(c)(1)(A)-(C). Fed. R. Civ. P. 37(d)(2) provides that a party's failure to appear for a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."

To determine whether, and to what extent, sanctions are appropriate under Rule 37, the Fourth Circuit has adopted a four-factor test. See <u>Belk v. Charlotte-Mecklenburg Bd. of Educ.</u>, 269

4

F.3d 305, 348 (4th Cir. 2001). Under this test, a court considers: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Id. (quoting Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998)).

Rule 37(d)(3) also provides that a court "*must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added). The Motion implicates both sentences of Rule 37(d)(3). Each will be discussed in turn.

## II. Analysis

### A. Sanctions

The Defendants seek the sanction of dismissal of Jaime Marquez Esparza's claim, relying on Rule 37(d)(3), which permits the imposition of sanctions if there is a violation of Rule 37(d)(1)(A)(i) (a party's failure to appear at a noticed deposition). It allows an award of any sanction permitted by Rule 37(b)(2)(A)(i)-(vi), including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

5

Dismissal, of course, is an "extreme sanction" that should be used in "only the most flagrant case[s]." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989) (citing Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 504 (4th Cir. 1977)). Dismissal infringes on a party's constitutional right to trial by jury and runs counter to the strong public policy of deciding a case on its merits. Wilson, 561 F.2d at 503-04. In recognition of these constitutional and public policy considerations, the Fourth Circuit has counseled that the third and fourth Belk factors weigh against dismissal when a court has not previously imposed lesser sanctions or warned the party of the possibility of dismissal. See Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995) ("In particular, this court has emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction."); id. (citing Wilson, 561 F.2d at 504) ("[W]e have also encouraged trial courts initially to consider imposing sanctions less severe than default.").

As to the first Belk factor, whether the non-complying party acted in bad faith, Plaintiffs argue that Jaime Marquez Esparza's failure to appear was in good faith due to COVID-19 related travel restrictions. See Pls.' Mem. at 19. True as that may be (and Defendants do not contest the effect of travel restrictions in their reply), Plaintiffs' counsel did not act in good faith by

6

waiting until after depositions were noticed to disclose that some of the plaintiffs are in Mexico (a fact counsel had known for a considerable time) or by blaming their noncompliance with Rule 26(c) and 37(d)(2) on a failure of Defendants' counsel to continue to meet and confer after the Defendants' counsel had taken, in earlier meet and confer sessions, a final position on the deposition issue ("the ball is in your court"). As to the second Belk factor, Plaintiffs' counsel prejudiced Defendants by shifting, to Defendants, the burden that Rule 37(d)(2) places on the party objecting to a deposition to petition the court for a protective order. However, for noncompliance to warrant dismissal, prejudice must generally rise to a level where it "materially affects the substantial rights of the adverse party." Wilson, F.2d at 504 (citing Roberson v. Christoferson, 65 F.R.D. 615, 622, 624 (D.N.D. 1975)). Because circumstances outside Plaintiffs' control prevented Jaime Marquez Esparza from appearing, the heart of Plaintiffs' noncompliance is Plaintiffs' counsel's failure to file a motion for protective order. That failure, while prejudicial, does not rise to the level of materially affecting Defendants' substantial rights.

The third and fourth Belk factors (the need for deterrence of the particular sort of noncompliance and whether less drastic sanctions would be effective) augur against imposing the sanction of dismissal. The Court has not warned Plaintiffs of the

7

possibility of dismissal, and no other sanctions have been imposed on Plaintiffs to date. See Hathcock, 53 F.3d at 40-41 (holding that the district court abused its discretion by imposing a default sanction without first imposing lesser sanctions or warning the parties).[3] Without prior warnings or sanctions, it is not clear that dismissal is the only sanction that would adequately deter Plaintiffs from continued noncompliance. Therefore, the Court declines to impose the extreme sanction of dismissal of Jaime Marquez Esparza's claims.

B. **Assessment of Fees and Costs**

The rejection of sanctions, however, does not end the matter or dispose of the pending motion. That is because the second sentence of Rule 37(d)(3) requires an assessment of fees and expenses caused by violation of Rule 37(d)(1)(A)(i) "instead of" sanctions if the failure to attend is not substantially justified.[4] The assessment of expenses and costs provided by the second sentence of Rule 37(d)(3) is mandatory ("the court must require").

It is undisputed that Jaime Marquez Esparza failed to appear for his noticed deposition on September 11 in violation of Rule

---

[3] The notion that prior warnings to counsel are a predicate to the imposition of the sanction of dismissal is a strange one, especially where, as here, counsel are from one of the nation's most highly-rated firms. Nonetheless, that is the rule in our circuit, and it must be applied.

[4] Those expenses and fees can be assessed "in addition to" any sanction imposed. Fed. R. Civ. P. 37(d)(3).

37(d)(1)(A)(i). It is undisputed that his counsel did not file a motion for protective order. Therefore, the Court must require Jaime Marquez Esparza, Plaintiffs' counsel, or both "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified." Fed. R. Civ. P. 37(d)(3).

Under Rule 37(d)(3), the assessment of fees and costs can be levied on "the party failing to act, the attorney advising that party, or both." A court is not limited by the moving party's request to impose sanctions on the other party rather than that party's attorney. DeVaney v. Continental Am. Ins. Co., 989 F.2d 1154, 1160 (11th Cir. 1993) ("Because the apportionment of fault between an attorney and client is the court's responsibility, a party listing only its opponent in a motion for sanctions does not absolve the opponent's attorney of potential liability."); see also Weisberg v. Webster, 749 F.2d 864, 874 (D.C. Cir. 1984) ("Rule 37 places the responsibility of apportioning awards of expenses between client and counsel with the trial court."). However, "an award ought to be made against the attorney only when it is clear that discovery was unjustifiably opposed principally at his instigation." Humphreys Exterminating Co. v. Poulter, 62 F.R.D. 392, 395 (D. Md. 1974).

Plaintiffs argue that Jaime Marquez Esparza's failure to appear was substantially justified because COVID-19 travel

9

restrictions "physically and legally prevented him from traveling from Mexico to the United States" for his deposition. Pls.' Mem. at 17-18. Defendants do not argue that it was physically possible for Jaime Marquez Esparza to attend his deposition. They argue that Jaime Marquez Esparza's failure to appear in the absence of a motion for protective order was not substantially justified because Plaintiffs knew months before that (and certainly by September 1) that several of the plaintiffs are in Mexico. Defs.' Reply at 4-5, ECF No. 74.

In the context of Rule 37(a)(5)(A)(ii), the Fourth Circuit, in an unpublished opinion, held that the phrase "substantially justified" means that "there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" Decision Insights, Inc. v. Sentia Group, Inc., 311 F. App'x 586, 599 (4th Cir. 2009) (quoting Pierce v. Underwood, 487 U.S. 552, 565-66 n.2 (1988)). Like Rule 37(d)(3), Rule 37(a)(5)(A)(ii) requires a court to impose reasonable expenses and fees on the party being sanctioned unless "the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust."

Plaintiffs had no reasonable basis for failing to file a motion for protective order or otherwise bringing this issue to the Court's attention ahead of Jaime Marquez Esparza's failure to

10

appear for his September 11 deposition. Plaintiffs filed their Complaint (ECF No. 1) on November 6, 2019. According to Plaintiffs, at least four plaintiffs have been in Mexico since 2017 or 2018, and five others returned to Mexico in November and December 2019. Pls.' Mem. at 13-14. Since March 2020, the State Department has suspended routine visa operations because of COVID-19 pandemic. Pls.' Mem. Ex. 6 ¶ 5, ECF No. 58-6. Plaintiffs failed to raise this issue with Defendants until September 1 — after Defendants had served their notices of deposition. And, Plaintiffs' counsel left it to Defendants' counsel to raise the issue with the Court.

Plaintiffs paint a picture of Defendants' refusal to confer in violation of Local Rule 37(E) and the Court's pretrial order (ECF No. 30-1) as a substantial justification for not seeking a protective order. Plaintiffs state that they "repeatedly attempted to confer with Defendants' counsel on the impossibility of in-person depositions and offered remote depositions," citing three unanswered emails to Defendants' counsel on September 9 and 10. Pls.' Mem. at 16.

However, during the parties' September 4 conference call, counsel discussed the issue of remote depositions for the plaintiffs in Mexico and, in particular, the fact that Jaime Marquez Esparza did not plan to attend his deposition. Defs.' Mem. Ex. 15 at 2. Defendants' counsel refused to consent to remote

11

depositions and told Plaintiffs' counsel that, as to Jaime Marquez Esparza's deposition, "the ball was in their court." Id.

Plaintiffs' counsel then did not do what the rules require: file a motion for protective order. Instead, they continued to attempt to raise the meet and confer process as the vehicle to resolve an issue as to which the Defendants' counsel previously had taken a final position. That they cannot do. The court in New Eng. Carpenters Health Benefits Fund v. First Databank, Inc., 242 F.R.D. 164, 166 (D. Mass. 2007), put it best when it held that: "What is not proper practice is to refuse to comply with the notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel." Once Defendants' counsel made his position known, Plaintiffs' counsel had no reasonable basis in law or fact to believe that Jaime Marquez Esparza was excused from appearing for his deposition without filing a motion for protective order or, at least without bringing the issue to the Court informally, as described in the Court's pretrial order. Therefore, the failure to act in the absence of a pending motion for protective order was not substantially justified.

In this instance and on this record, it is appropriate to levy the assessment of fees and expenses on Plaintiffs' counsel. The decision whether to file a motion for a protective order rested squarely with Plaintiffs' counsel. Had Plaintiffs' counsel filed

such a motion, Jaime Marquez Esparza's failure to appear would have been excused under Rule 37(d)(2). Therefore, Plaintiffs' counsel shall be required to pay Defendants' reasonable expenses, including reasonable attorney's fees, caused by the failure of Jaime Marquez Esparza to attend the September 11 deposition, in an amount to be determined by the Court.

## CONCLUSION

For the foregoing reasons, DEFENDANTS' MOTION FOR SANCTIONS UNDER FEDERAL RULE 37(d)(3) (ECF No. 37) will be granted in part and denied in part, in that the request to dismiss Jaime Marquez Esparza's claims will be denied and granted in that Defendants' counsel shall be awarded its reasonable expenses and attorneys' fees caused by the unjustified failure to seek a protective order excusing Jaime Marquez Esparza from attending his duly noticed deposition. Defendants' counsel will be required to submit an appropriately documented and supported claim for reasonable attorneys' fees and expenses.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 30, 2020