IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ARTURO ESPARZA MACIAS, *et al.*,

   Plaintiffs,

    v.

MONTERREY CONCRETE, LLC, and
JOSE DE LA ROSA,

   Defendants.

Case No. 3:19-cv-00830-REP

**PLAINTIFF JAIME MARQUEZ ESPARZA'S COMBINED (1) MEMORANDUM IN SUPPORT OF THE MOTION FOR RECONSIDERATION AND (2) MEMORANDUM IN OPPOSITION TO DEFENDANTS' CLAIM FOR COSTS AND ATTORNEYS' FEES**

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Plaintiff Jaime Marquez Esparza ("Plaintiff" or "Mr. Esparza") respectfully requests that the Court reconsider its Memorandum Opinion (ECF No. 119) ("Fee Opinion") and Order (ECF No. 120) ("Fee Order") granting in part and denying in part Defendants' Motion for Sanctions Under Rule 37(d)(3) (ECF No. 37) ("Sanctions Motion").  In the event that the Court does not grant Plaintiff's motion for reconsideration, Plaintiff respectfully submits that none of the fees and costs requested by Defendants' counsel in its Claim for Attorney Fees and Expenses (ECF No. 138) ("Fee Claim") qualify for reimbursement under the Fee Order, and, at a minimum, Defendants' Fee Claim—for over $23,000 in fees and expenses—is significantly inflated and should be reduced.

Plaintiff respectfully submits that reconsideration of the Fee Order is warranted because Defendants never moved for fees and costs and thus Plaintiff has not had an opportunity to brief this issue squarely and explain to the Court why they believe the award of fees and costs is not

warranted.[1]  Plaintiff and counsel now fully understand that the Court expected them to have moved for a protective order earlier in the process.  Nevertheless, Plaintiff respectfully submits that an award of fees and costs is neither required nor warranted, and would, in the words of Rule 37(d)(3), be "unjust."

Plaintiff was always willing to sit for a deposition and has never refused to do so.  However, he could not appear in person in Richmond on September 11, 2020, because he was in Mexico and the U.S.-Mexico border was effectively closed due to the COVID-19 pandemic.  Plaintiff promptly disclosed this fact to Defendants' counsel upon receiving the deposition notice, and agreed to sit for a remote deposition.  In light of the border closure and the COVID-19 pandemic, this Court subsequently held that Plaintiff and the other Plaintiffs located in Mexico would not be required to travel to Richmond but instead would be deposed remotely, exactly as Plaintiff's counsel had proposed to Defendants.  ECF No. 121.  Accordingly, Plaintiff was "substantially justified" in not traveling to Richmond on the noticed deposition date, and thus should not be liable for fees and costs under Rule 37(d)(3).

Likewise, Plaintiff's counsel acted reasonably and in complete good faith in trying to resolve the issue of Plaintiff Mr. Esparza's deposition.  Plaintiff's counsel did not file a motion for a protective order earlier because Plaintiff's counsel reasonably and in good faith believed that, under the Court's rules and the Joint Pretrial Scheduling Order, counsel was expected to exhaust all efforts to resolve the dispute before seeking Court intervention.  Further, because the issue of remote depositions implicated not only Mr. Esparza, but also eight other Plaintiffs residing in Mexico, counsel thought that the Court would want this issue raised once, not piece-meal before every deposition.  Importantly, and Defendants' time entries confirm this,

---

[1] Certain of the underlying facts were addressed in the prior briefing.

Defendants suffered no prejudice—legal, monetary, or otherwise—by Plaintiff's non-appearance or the absence of a motion for a protective order prior to the noticed deposition date.

That Plaintiff and his counsel were proceeding in good faith and not trying to shift any burden to Defendants or usurp the Court's decision-making is evidenced by the fact that Plaintiff's counsel continued to email Defendants' counsel on multiple occasions prior to the deposition date and specifically offered to raise the issue with the Court if Defendants believed the parties were at an impasse.  In other words, Plaintiff's counsel was prepared to file a motion for a protective order if necessary.  Defendants' counsel did not respond, and thus Plaintiffs' counsel was under the belief that the parties would continue to try to resolve the issue and present the issue of remote depositions to the Court if and when efforts to resolve proved unsuccessful.  Under these circumstances, notwithstanding the Court's holding that counsel should have filed a motion for a protective order sooner, an award of fees and costs would be "unjust" and therefore Plaintiff respectfully requests that the Court reconsider its Fee Order.

But even if the Court does not reconsider the Fee Order, the fees and costs sought by Defendants' counsel are not compensable under the Court's Fee Order as none of the fees and costs were "caused" by Plaintiff non-appearance in Richmond on the noticed deposition date, or counsel's non-filing of a motion for protective order before the noticed deposition date.

*First*, approximately $7,400 in fees incurred by Defendants' counsel in preparing for Mr. Esparza's deposition are not recoverable because they were not caused by Mr. Esparza's non-appearance or the absence of a motion for a protective order prior to the deposition date. Defendants needed to prepare for the deposition, regardless of whether it was held on September 11, 2020, in Richmond or subsequently by Zoom (as the Court has ordered).

*Second*, approximately $2,000 in costs for court reporter and videographer costs are not recoverable because Defendants knew 10 days before the scheduled deposition that Mr. Esparza could not attend and therefore should have cancelled these services and avoided the costs.

*Third*, approximately $11,300 in fees incurred in preparing the Sanctions Motion is not recoverable because it was not successful.  In filing the Sanctions Motion, Defendants sought only one remedy:  dismissal of Mr. Esparza from the case.  The Court denied that requested relief.  Further, there was no need for Defendants to file a motion in order to secure the ability to take Mr. Esparza's deposition remotely (as the Court has ordered) because Plaintiff had already agreed to a remote deposition.  Because Defendants suffered no prejudice or expense, and the Court denied the sole relief requested in the Sanctions Motion, it would be unjust to order Plaintiff's counsel to pay Defendants' costs associated with that unsuccessful motion.

## ARGUMENT

**I.     The Court Should Grant Plaintiffs' Motion For Reconsideration**

    **A.     Legal Standard**

Rule 54(b) allows district courts to revise interlocutory orders at any time prior to final judgment.  *See Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 820 (E.D. Va. 2019); *see also Benedict v. Hankook Tire Co. Ltd.*, No. 3:17-CV-109, 2018 WL 1655358, at *2 (E.D. Va. Apr. 5, 2018) (Payne, J.) (observing that Rule 54(b), and not Rules 59 and 60, is the proper vehicle for seeking reconsideration of an interlocutory order).  Unlike motions for reconsideration brought under Rules 59(e) and 60(b), motions for reconsideration brought under Rule 54(b) "are not subject to the strict standards applicable to motions for reconsideration of a final judgment," and parties need not demonstrate the "extraordinary circumstances" required for Rule 59(e) motions.  *Vulcan Constr. Materials*, 433 F. Supp. 3d at 820 (citations and internal

quotation marks omitted). Rather, in considering a Rule 54(b) motion, the district court's goal is simply to "reach the correct judgment under the law." *Id.* (internal quotation marks omitted).

Although no standard for granting reconsideration under Rule 54(b) has been announced by the Fourth Circuit, courts are generally guided by the following factors: "(1) an intervening change in controlling law, (2) the emergence of evidence not previously available, and (3) the correction of a clear error of law or the preservation of manifest injustice." *Herndon v. Alutiiq Educ. & Training, LLC*, No. 2:16CV72, 2016 WL 9450428, at *2 (E.D. Va. Aug. 15, 2016).

Here, reconsideration is warranted because, given the absence of a request for fees and costs in Defendants' sanction motion, Plaintiff and his counsel have not previously had an opportunity to fully explain why the award of fees and costs is unjust. Moreover, Defendants' fee chart—which constitutes evidence not previously available—demonstrates that Plaintiff's non-appearance and the absence of a motion for a protective order prior to the deposition date caused defendants *no actual harm*. Furthermore, in light of the fact that Plaintiff's non-appearance at his deposition was substantially justified, Plaintiff's counsel acted in good faith in attempting to resolving the dispute before filing a motion for protective order, and Plaintiff's position regarding remote depositions ultimately prevailed, reconsideration of the Fee Order is necessary to avoid a manifest injustice.

### B. Plaintiff's Failure to Travel to Richmond on the Noticed Deposition Date Was Substantially Justified

Pursuant to Rule 37(d)(3), a Court may not award fees and costs where the *party's* failure to appear was "substantially justified." "Substantially justified" means that there "is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x 586, 599 (4th Cir. 2009) (defining "substantially justified" in the context of Rule 37(a)(5)(A)(ii)).

5

Here, Plaintiff simply could not attend the deposition noticed for September 11, 2020, in Richmond.  At that time, Plaintiff was residing in Zacatecas, Mexico.  *See* ECF No. 58-5 at 2.  Due to the COVID-19 pandemic, the U.S-Mexico border was effectively closed, and Plaintiff could not travel to the United States.  As the Court found in its October 30 Order regarding remote depositions (ECF No. 121) ("Deposition Order"), "Defendants do not dispute that visa and travel restrictions related to the COVID-19 pandemic make these plaintiffs' travel to Richmond for their noticed depositions impractical, if not impossible, at this time."  ECF No. 121 at 6.  The Court therefore granted Plaintiffs' request that the Plaintiffs residing in Mexico, including Mr. Esparza, be deposed remotely.  Given these facts, Mr. Esparza was substantially justified in not appearing in Richmond on September 11, 2020.

In the Fee Order, the Court focused its inquiry on whether Plaintiff's *counsel* was "substantially justified" in not filing a motion for protective order before the noticed deposition date.  But the relevant inquiry under Rule 37(d)(3) is whether the *party* was "substantially justified" in "failing" to appear for the deposition.  *See* Fed. R. Civ. P. 37(d)(3) ("[T]he court must require the ***party failing to act***, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by ***the failure***, unless ***the failure*** was substantially justified or other circumstances make an award of expenses unjust.") (emphasis added).  The word "failure" is used throughout Rule 37(d) to refer exclusively to the *party's* failure to act on the discovery served, not on any failure by counsel to file a motion for protective order.  *See id*. at Rule 37(d) (subsection heading: "Party's ***Failure to Attend Its Own Deposition*** . . ."); *id*. at Rule 37(d)(1)(A) (allowing sanctions if a party "***fails***, after being served with proper notice, ***to appear for that person's deposition***").  Accordingly, when addressing sanctions motions relating to missed depositions, courts routinely focus their inquiry on whether the party

6

was substantially justified in not attending. *See, e.g.*, *Hyde & Drath v. Baker,* 24 F.3d 1162, 1171 (9th Cir. 1994), *as amended* (July 25, 1994) (party was substantially justified in not appearing for his deposition due to serious illness); *Alfaro v. Dallas Backup*, Inc., No. 3:18-CV-02327-X, 2020 WL 1139883, at *2 (N.D. Tex. Mar. 9, 2020) (expenses were not warranted where party arrived late to deposition because of traffic and counsels' miscommunications); *Campbell v. Nat'l R.R. Passenger Corp.*, 309 F.R.D. 21, 27 n.3 (D.D.C. 2015) (expenses were not warranted when party did not appear due to a death in the family).

Further, while Rule 37(d)(2) refers to the filing of a motion for protective order, it does so only to remove one "Unacceptable Excuse" for a party's failure to appear for the deposition—namely, that the "discovery sought was objectionable." *See* Fed R. Civ. P. 37(d)(2).[2] Here, Plaintiff has never asserted that the discovery sought was objectionable; he agreed to sit for a deposition. Plaintiff's only "excuse" for not attending a deposition *in Richmond* was Plaintiff's inability to travel internationally during the time of a global pandemic. Accordingly, that counsel did not file a motion for protective order before the noticed deposition date does not necessitate an award of fees and costs under Rule 37(d)(2) where—as here—Plaintiff's failure to appear was substantially justified and circumstances exist that make an award of expenses unjust. *See, e.g.*, *Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV-COHN, 2009 WL 113456, at *5 (S.D. Fla. Jan. 19, 2009) (denying motion for sanctions and fees, despite counsel's failure to timely file a protective order motion, because the totality of the circumstances, including counsel's communication of a conflict and opposing counsel's failure to respond and accommodate the scheduling conflict, made an award of fees and costs unjust).

---

[2] Rule 37(d)(2) states: "*Unacceptable Excuse for Failing to Act*. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."

7

### C. Plaintiff's Counsel Acted Reasonably And In Good Faith and Therefore An Award of Fees And Cost Would Be Unjust

Rule 37(d)(3) also does not permit the award of fees and costs where doing so would be "unjust." While Plaintiff and counsel recognize the Court's holding that they should have filed for a protective order earlier, Plaintiff and counsel acted reasonably and in good faith in attempting to resolve the issue of Plaintiff's deposition. Their actions were therefore substantially justified. Further, given Plaintiff's inability to attend the September 11 deposition, Plaintiffs' counsel's reasonable and continued effort to resolve the dispute, and the fact that Plaintiff and counsel proactively offered to have Plaintiff sit for a remote deposition (the precise result ordered by the Court), an award of fees is neither required nor warranted and would be unjust.

Plaintiffs' counsel reasonably believed they were required to fully exhaust efforts to resolve the issue before seeking Court intervention and did not believe that Defendants' simple statement that "the ball is in your court" had exhausted the meet and confer process. Indeed, the September 9, 2020 Joint Pretrial Scheduling Order (ECF No. 36) set forth a specific procedure for discovery disputes that Plaintiff was attempting to adhere to. According to the Joint Pretrial Scheduling Order, "Counsel are expected to resolve discovery disputes without filing pleadings or involving the Court. If, after good faith effort, counsel are unable to resolve disputes, they will be resolved, if at all possible, in a telephone conference without the filing of pleadings." *Id.* at 2.

Moreover, Plaintiff's counsel took seriously this Court's Local Rules' requirement that parties "confer to decrease, *in every way possible*," the filing of unnecessary discovery motions. *See* Local Rule 37(E) (emphasis added). It is with this rule in mind that Plaintiff's counsel engaged in multiple efforts to resolve the dispute regarding the location of the deposition before

seeking Court relief. Plaintiff's counsel continued these efforts after Defendants' counsel stated that "the ball is in your court" because they believed that reasonable minds would prevail given the ongoing COVID-19 pandemic, the inability of Plaintiff to enter the United States, and the near uniform adoption of remote depositions by courts. Further, given that this issue impacted not only Mr. Esparza but also 8 other Plaintiffs in Mexico, Plaintiff's counsel believed that the Court would want the issue presented one time in a single motion, not in a piece meal, deposition-by-deposition fashion. That is why Plaintiff's counsel thought the prudent course was to continue the dialogue and then file a single motion for a protective order addressing the issue of remote depositions if necessary.

This is not a case where Plaintiff or his counsel were attempting to obstruct discovery. One day after receiving the notice of deposition, Plaintiffs' counsel informed Defendants' counsel that Plaintiff was in Mexico and could not enter the United States for the September 11, 2020 deposition. *See* ECF No. 58-3 at 1-3. Plaintiffs' counsel informed Defendants' counsel that Plaintiff would sit for a remote deposition. *Id.* This case is thus distinguishable from cases where a plaintiff simply did not show up or refused to show up because the plaintiff believed the taking of his deposition was improper.

Importantly, Plaintiff's counsel never presumed that they could unilaterally decide the issue of where the deposition would be held or shift the burden of moving to Defendants. Plaintiff's counsel repeatedly informed Defendants' counsel that Plaintiff would initiate the involvement of the Court if Defendants informed Plaintiff's counsel that they would not continue the meet and confer process. For example, on September 10, 2020, Plaintiff's counsel wrote in an email to Defendants' counsel: "I have not heard back from you. . . . Can you please let me know? . . . [I]f you intend to take the position that—somehow—the deposition noticed for 9/11

must proceed in Richmond tomorrow despite our client being located in Mexico, then I am available the rest of the afternoon and tomorrow morning for a call with Judge Payne's chambers to sort this out." ECF No. 58-3 at 1. Later in the same, day, Plaintiff's counsel again reminded Defendants' counsel that he was prepared to seek Court relief if necessary: "If for any reason you believe that involvement of the Court is required today or tomorrow morning, *please advise immediately*." ECF No. 58-4 (emphasis added). Defendants' counsel did not respond.[3]

The above-described efforts significantly distinguish this case from a case in which a party objects to the taking of their deposition and simply does not show up without filing a motion for a protective order. Here, Plaintiff did not object to the taking of his deposition. In fact, he was perfectly willing to be deposed but could not enter the United States. Plaintiff's counsel proactively offered to Defendants' counsel the very resolution—a remote deposition—that the Court ultimately ordered. Moreover, counsel did not simply take it upon themselves to decide that the deposition would not go forward. Rather, Plaintiff's counsel continued attempting to resolve the issue and asked Defendants' counsel to let him know if there was a need to involve the Court before September 11, 2020.

In similar circumstances, courts have held that an award of fees and costs is not warranted. For example, in *Karakis*, 2009 WL 113456, at *5, plaintiff's counsel unilaterally set a deposition date that defendant's counsel could not attend. Defendant's counsel offered other dates he would be available and expected plaintiff's counsel to voluntarily reschedule the deposition. Plaintiff's counsel never confirmed a new deposition date and moved for sanctions

---

[3] Defendants' time entries submitted with his Fee Claim reveal that, at the very same time Plaintiff's counsel was emailing Defendant's counsel to attempt to resolve this issue, Defendants' counsel was drafting the Sanctions Motion—two days before the scheduled deposition. *See* ECF No. 138-2. Had Defendant's counsel simply replied to any of the 3 emails sent by Plaintiffs' counsel, then Plaintiff's counsel would have called the Court and sought relief.

10

once the deposition date passed.  Although the court found that defendant's counsel should have moved for a protective order when plaintiff's counsel did not respond, the court declined to award expenses because the totality of the circumstances, and plaintiff's counsel disregard for the "District's Discovery Practices Handbook," which requires lawyers to accommodate scheduling conflicts, made an award of expenses unjust.

Here, the routine practice of parties working together during the COVID-19 pandemic to schedule remote depositions is analogous to defendant's counsel expectation in *Karakis* that the other side would work with him to avoid his scheduling conflict.  Similarly, in *Scott-Warren v. Liberty Life Assurance Co. of Boston*, No. 3:14-CV-738-CRS-CHL, 2016 WL 3876660, at *10 (W.D. Ky. July 13, 2016), the court declined to award expenses even though defendant's counsel did not move for a protective order.  There, the court found that, in light of plaintiff's failure to respond to defendant's reasonable request to postpone the deposition, defendant's failure to appear was substantially justified and that to award plaintiff expenses would be "to reward gamesmanship on the part of Plaintiff."  *Id.*

Finally, in the Fee Order, the Court raised the question as to why Plaintiff's counsel did not inform Defendants sooner that certain of the Plaintiffs were in Mexico.  *See* ECF No. 119 at 6-7.  There are three reasons.  First, the issue was simply not relevant until Defendants served a deposition notice to appear in Richmond.  Second, Plaintiffs asked Defendants *in March 2020* to conduct the Rule 26(f) discovery conference, but Defendants declined, stating that they did not want to discuss discovery until after the Court ruled on Defendant's then-pending motion to dismiss.  *See* ECF No. 79-1.  Had the parties completed the discovery planning conference in March 2020, the topic of remote depositions surely would have arisen at that time.  Plaintiffs' counsel's efforts to discuss discovery issues as early as March 2020 confirm their good faith.

11

Third, in its Deposition Order, the Court specifically rejected Defendants' argument that Plaintiffs should have made themselves available for a deposition in the United States before returning to Mexico. *See* ECF No. 121 at 7-9 ("Under these circumstances, Plaintiffs had no reason to attempt to preserve their testimony under Rules 27 or 30.") In light of this, it would be unjust to impose fees and costs on Plaintiff's counsel for essentially not offering to do the very thing the Court ruled Plaintiffs were not required to do.

## II.    In The Alternative To Granting Reconsideration, The Court Should Decline To Award Defendants' Attorneys' Fees Or Significantly Reduce Defendants' Requested Award

In its Fee Order, the Court concluded that dismissal of Mr. Esparza's claims was not warranted but granted Defendants cost and attorneys' fees under Rule 37(d)(3). Now, pursuant to the Order, Defendants have filed the Fee Claim seeking $23,037.60 in costs and attorneys' fees purportedly "caused" by Mr. Esparza's failure to appear in Richmond for his deposition on September 11, 2020. ECF No. 138. None of these purported costs and fees are recoverable because they were not "caused" by Mr. Esparza's failure to travel to Richmond for a deposition or the absence of motion for a protective order prior to the deposition date. This confirms that Defendants were not in fact harmed or prejudiced by Plaintiff's non-attendance or the absence of a motion for protective order prior to the deposition date.

### A.    Fees Incurred Preparing for Mr. Esparza's Deposition Are Not Recoverable Because They Were Not "Caused" By His Failure to Appear

Rule 37(d)(3) requires expenses to have been "caused" by the deponent's failure to appear in order to be recoverable. Accordingly, "[c]ourts . . . have uniformly concluded that attorney time incurred in preparation for a deposition is not compensable, even if the party fails to appear, because it would have been incurred whether or not the party appeared for the deposition." *Large v. Pierce*, No. C15-1025, 2016 WL 722153, at *2 (N.D. Iowa Feb. 19, 2016);

12

*see also Genoa Nat. Bank v. Odette*, No. 8:10CV438, 2012 WL 1079151, at *2 (D. Neb. Mar. 30, 2012) ("GNB would have incurred expenses preparing for and attending Odette's scheduled deposition even if Odette had appeared" and they were thus not caused by the failure); *Greenleaf Compaction, Inc. v. Able Waste, LLC*, No. CIV.A. 10-568-JJB, 2011 WL 5546268, at *2 (M.D. La. Nov. 14, 2011) ("any costs or attorneys' fees claimed in preparation for the deposition are not recoverable"); *Makohoniuk v. Cent. Credit Servs., Inc.*, No. 4:09-CV-00185-HDVCFB, 2010 WL 3633862, at *1 (S.D. Iowa Sept. 8, 2010) (denying request for fees for preparing for deposition); *Hudson v. L & W Supply Corp.*, No. CIV.A.H-08-2471, 2009 WL 1941498, at *4 (S.D. Tex. July 2, 2009) (same).

Here, Mr. Esparza never refused to be deposed. Rather, he repeatedly offered to make himself available for a deposition. The only dispute between the parties was whether Mr. Esparza would be permitted to be deposed by video, or if he would somehow be forced to travel from his home in Mexico to Richmond, Virginia, for the deposition during a global pandemic—a dispute the Court has resolved in Mr. Esparza's favor. Thus, whatever time Defendants' counsel spent preparing for Mr. Esparza's deposition is not wasted work—Defendants could and would re-use that work in connection with preparing for Mr. Esparza's rescheduled video remote deposition. In all events, that preparation time certainly was not "caused" by Mr. Esparza's subsequent non-appearance in Richmond or the absence of a motion for a protective order.

In total, Mr. Redmond billed 14 hours at a rate of $465 per hour, Mr. Diles billed 1.4 hours at a rate of $465 per hour, and Ms. Cross billed 1.1 hours at a rate of $225 per hour, amounting to $7,408.50 in attorneys' fees. *See* **Exhibit A** (annotated version of Defendants' Fee

13

Claim, annotated to indicate why each fee/cost entry is not compensable, as explained herein).[4] Because the Court has ruled that Mr. Esparza can be deposed remotely (ECF No. 121), the time spent preparing for his deposition remains useful, and in any event, was not "caused" by his failure to appear. Accordingly, the Court should exclude all of the above fees.

### B. The Cost of Court Reporter, Videographer, and Interpreter Are Not Recoverable Because They Should Have Been Cancelled

Plaintiff's counsel informed Defendants' counsel on September 1, 2020—10 days before the noticed deposition date—that Plaintiff would be unable to attend. ECF No. 58-3. Yet, Defendants' counsel never cancelled the court reporter, videographer, and interpreter. The costs incurred for these service providers were caused by Defendants' counsel's failure to cancel them, not by Plaintiff's non-attendance at the deposition or the absence of a motion to compel. As one court has explained, "Defendants proceeded fully aware that [the deponent] would not be present [at the deposition]. The Court will not award sanctions for costs Defendants needlessly incurred." *McFadden v. Ballard, Spahr, Andrews, & Ingersoll, LLP*, 243 F.R.D. 1, 9 (D.D.C. 2007); *see also Jackson-Lipscomb v. City of New York*, 2019 WL 6138629 at *7 (S.D.N.Y 2019) (similar). Accordingly, the claimed costs of $2,025.60 for the court reporter, videographer and interpreter are not reimbursable under Rule 37(d)(3).

---

[4] Additionally, several of Defendant's time entries are vague and in no way indicate how they are associated with Mr. Esparza's deposition. For example, Mr. Redmond's September 1, 2020 entry states, "[p]repare for and participate in conference call with Plaintiffs regarding schedule," and Mr. Diles's entry of the same day states, "[p]articipate in discovery conference call with opposing counsel and discuss case strategy with B. Redmond." By failing to specify in each entry how the entry relates to Mr. Esparza's non-attendance at his deposition and the specific amount of time spent preparing for the deposition, Defendants inhibit the Court from accurately assessing the reasonableness of Defendants' attorneys' fees request. This failure is another, independent reason any fee award should be reduced, at a minimum. *See Rogers v. Virginia State Registrar*, 2020 WL 3246327, at *6 (E.D. Va. Jan. 23, 2020) (reducing award because entries were vague).

Likewise, because Defendants knew well in advance that Mr. Esparza would not appear, Plaintiffs should not have to pay for the time (0.7 hours) Mr. Redmond spent "attending" the deposition on September 11, 2020. There was simply no basis for Mr. Redmond to go to the deposition room and wait when he had been informed that Mr. Esparza could not appear and he knew that it would be impossible for Mr. Esparza to travel to Richmond.

### C.     Defendants May Not Recover Attorneys' Fees for Drafting The Sanctions Motion and the Fee Claim

Any award based on the expenses associated with the Sanctions Motion and Fee Claim should be denied or, at a minimum, substantially reduced, because the Court denied the only relief sought by the Sanctions Motion. The Supreme Court has held that, "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). Consistent with this principle, courts have routinely reduced attorneys' fees awards for motions that were only partially successful. *See, e.g.*, *Ayala v. U.S. Xpress Enterprises, Inc.*, 2019 WL 1581395, at *2 (C.D. Cal. Feb. 13, 2019) (striking 20 hours for time spent on sanctions motion because the motion was, among other things, only partially successful); *Bailey v. City of Daytona Beach Shores*, 2013 WL 268683, at *2 (M.D. Fla. Jan. 24, 2013) (reducing award by 25% because motion to compel was only partially successful); *see also Design & Prod. Inc. v. Am. Exhibitions, Inc.*, 2011 WL 6002598, at *3 (E.D. Va. Nov. 30, 2011) (reducing attorneys' fees award for all hours billed to unsuccessful motion that resulted in sanctions).

Here, while the Court ruled that Plaintiffs should have filed a motion for a protective order before the noticed deposition date, the Court did not award Defendants the sole relief they sought—dismissal of Mr. Esparza's claims. Additionally, in the related Deposition Order, the Court fully rejected Defendants' positions regarding remote depositions, ordering that Mr.

15

Esparza's deposition could proceed remotely. Thus, the Court should not award Defendants' fees and costs associated with its Sanctions Motion (or associated Fee Claim).

In the event the Court is inclined to award Defendants attorneys' fees for work done on the Sanctions Motion—and, as discussed above, under no circumstances should it—Defendants' counsel is not entitled $13,603.50 in in fees for a motion that did not obtain any of the relief requested.[5] Accordingly, if the Court is inclined to grant any award at all, it should significantly reduce any award based on time spent on the Sanctions Motion.[6]

Finally, it would be manifestly unjust to award Defendants over $13,000 in legal fees for their Sanctions Motion where, as here, Mr. Esparza's non-appearance and absence of a motion for a protective order prior to the noticed deposition date resulted in no actual harm—*i.e.*, the costs were either avoidable or not "caused" by his non-appearance or the absence of a motion. This injustice is further exacerbated by Defendants refusing to agree to remote depositions, a procedure widely adopted by courts, including this Court, during the COVID-19 pandemic.

## CONCLUSION

For the reasons set forth above, the Court should grant Plaintiff's motion for reconsideration under Rule 54(b), vacate its Memorandum Opinion (ECF No. 119) and Order (ECF No. 120), and deny the Sanctions Motion (ECF No. 37). Alternatively, in the event that

---

[5] Mr. Redmond billed 16.3 hours working on the Sanctions Motion, Mr. Diles billed 7.5 hours, and Ms. Cross billed 1.4 hours, totaling $11,382 in fees. *See* Exhibit A. All three then incurred an additional $2,122.50 in preparing the Fee Claim. In total, these fees amount to $13,603.50. *Id.*

[6] Yet another problem is Defendants' counsel's time (4.6 hours) billed in relation to a telephonic conference that occurred on September 16, 2020, as that conference focused on several *other* discovery issues, and only touched briefly on the Sanctions Motion at the very end, when the Court simply directed the parties to brief the issue. These fees are not compensable for this separate and independent reason.

the Court does not grant Plaintiff's motion, the Court should decline to award any expenses to Defendants or significantly reduce Defendants' requested award.

December 18, 2020                                   Respectfully submitted,

                                                                               /s/ Preston Smith
                                            Preston Smith (VA Bar # 86908)
                                            Ian S. Hoffman (VA Bar # 75002)
                                            Daniel A. Cantor (admitted *pro hac vice*)
                                            ARNOLD & PORTER KAYE SCHOLER LLP
                                            601 Massachusetts Ave., N.W.
                                            Washington, D.C. 20001-3743
                                            Telephone: +1 202.942.5000
                                            Facsimile: +1 202.942.5999
                                            E-mail: preston.smith@arnoldporter.com
                                            E-mail: ian.hoffman@arnoldporter.com
                                            E-mail: daniel.cantor@arnoldporter.com

                                            Rachel Colleen McFarland (VA Bar # 89391)
                                            Jason Blair Yarashes (VA Bar # 90211)
                                            Legal Aid Justice Center
                                            1000 Preston Avenue, Suite A
                                            Charlottesville, VA 22903
                                            Telephone : 434-977-0553
                                            Fax: 434-977-0558
                                            Email: rmcfarland@justice4all.org
                                            Email: jasony@justice4all.org

                                            Nicholas Cooper Marritz (VA Bar # 89795)
                                            Simon Sandoval-Moshenberg (VA Bar # 77110)
                                            Legal Aid Justice Center
                                            6066 Leesburg Pike, Suite 520
                                            Falls Church, VA 22041
                                            Telephone: 703-778-3450
                                            Fax: 703-778-3454
                                            Email: nicholas@justice4all.org
                                            Email: simon@justice4all.org

                                            *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2020, I electronically filed the foregoing document via ECF, which caused a copy of the foregoing to be served on all counsel of record.

Respectfully submitted,

/s/ Preston Smith
Preston Smith (VA Bar # 86908)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C.  20001-3743
Telephone:  +1 202.942.5000
Facsimile:  +1 202.942.5999
E-mail:  preston.smith@arnoldporter.com